first in United States v. Ansah, case number 241784. Good morning. Good morning, Your Honor. May it please the Court, Kendra Hutchinson of the Federal Defenders for the appellant in this matter, Christopher Ansah. Under the Court's permission, I'd like to reserve two minutes for rebuttal. Thank you. At the time of sentencing, the Court deferred the restitution determination in this case at the government's request, but imposed a very strict time limit, quote, for up to the statutory 90-day period. The government at that time had knowledge of the victim's loss. However, it did not seek a restitution order for more than two years after that deadline that the Court had set. On this record, there are two independent errors that support vacature. Number one, because the loss was ascertainable, the restitution order was not authorized by the statute. Ascertainable by whom? In other words, ascertainable by the government or ascertainable by the Court? We think that the best reading of the statute is that it is needs to be ascertainable by the government or perhaps by the probation officer, because it states that if the victim's losses are not ascertainable by the date that is, you know, blah, blah, blah, the attorney for the government or the probation officer shall so inform the Court. So it seems to us that the statute contemplates this ascertainability determination being made by, you know, the law enforcement in this case and informing the judge. And so here, we know, because the government, you know, candidly and, you know, graciously agrees that they had actual knowledge at the time of the, you know, at this time of sentencing of the victim's loss. And so we believe that that's the best reading of that statute. And that flows. I'm sorry to belabor this point, but on the ascertainability, does it mean that the government needs to ascertain all of the victim's losses, substantially all of the victim's losses, just one of the victim's losses if there's a multiple victim case? Yeah. That's a very interesting question, Your Honor. And that actually was brought up in some ways by the government's brief and our brief. And I think you're really picking up on that, which is this idea that if there are multiple victims, you know, and you know one of the losses, is that loss ascertained? I mean, the first thing I want to say is that the only loss that supports this restitution order, the one that we're appealing and that we're, you know, asking this Court to review, is this loss that the government concedes it knows. So, number one, there's no other sort of losses floating around. And number two, the government did not – the government bears the burden to show loss by the preponderance of the evidence. So at the time, two years later, Your Honor, that they come before the judge, Judge Fleming, with this application pursuant to 3664, they had the burden to show that that was not ascertainable at the time. And they could have done that, in our opinion, by – if there were other victims, Your Honor, if there were other victims of this case who had losses, they could have set forth in their – in their letters at the time the diligent efforts they had made or, you know, they had contacted these – these people at that time and they didn't have losses. So it was not ascertainable at the time, but it is now. And so the fact that they did not put forth any, you know, any record arguments or evidence that they had diligently sought losses from other victims, Your Honor, makes – makes us focus squarely in this very unusual case and this unusual appeal that does not apply to many other appeals. You know, we're not quibbling over numbers. You know, nobody's quibbling over numbers here, Your Honor, or factual findings. But in this very unusual case where the order is only supported by one victim's loss, that all the parties agree is the right number, and the government has not shown that there are other victims they contacted, we believe that they have not met their burden by the preponderance of the evidence to show that it was not ascertainable and thus authorized by 3664. And from your perspective, counsel, does the government – does the Court have any authority outside of the statute to impose restitution? You know, it – the case law is sort of rife with – with the black-letter law that Federal courts don't have inherent authority to issue restitution but for the statutory authorizations. And here we have the MVRA, which is the sort of the one that swallows, you know, many of the cases. So 3663, we think, 18 U.S.C. 3663, authorized it at the time of sentencing. And there's this limited exception in which it's almost like a post-sentencing amendment. You know, I think that in Dolan, the Supreme Court case, you know, the dissent really discusses this, that this is like a – like an amendment of the sentence later. An amendment, but it's not an amendment. No, no. It's like an amendment. Yeah, yeah. But – but it is authorized by statute. And so to answer your question squarely, yes, we think that it can only be imposed post-sentencing through 3664. That is right. What about at the time of sentencing, is there some inherent authority? I read the case law to say there's just no inherent authority for post-sentencing. We believe it's located only in the statute 3663, Your Honor. And, you know, and so for – for this, you know, really unusual case, I just want to really specify this. And, you know, when we get to the second point, I'm going to – So where – I'm sorry, on that point. Yep. Where did the court in Dolan find the authority to – for a district court to impose a restitution order after the 90-day period? The court located it in 18 U.S.C. 3664-35.  Yep, that – this exact section, Your Honor. And, you know, and so we concede and agree and are not disputing that the court has jurisdiction to do this. Okay. You know, and that that – the court has a jurisdiction. The question is, is whether the statute authorizes it. And I just want to note, you know, this sort of came up in our reply, and I'm not sure, you know, if this – if the court was – we have this on page 5 of the reply, but there – Excuse me. There is –  There's a question. Pardon me, Your Honor. Give me just a sec. And I apologize, but it's the difficulty of doing a formal. You say the statute authorized it. Do you mean to – but you're not speaking jurisdictionally, though, correct? You just said before that you concede that the court has the power to do it. On this appeal, we're not – we're not arguing, Your Honor, that this is a jurisdictional issue. I will note that the Eighth Circuit, and in the case that we cite in our reply and from 2020 questions, you know, believes that this is an open issue, whether, you know, in Dolan, whether in a conversation between the majority and the dissent, whether there is jurisdiction under 3664-D-5, if it is ascertainable. We're not arguing that right here. We are just saying it is not authorized. Of course, in Dolan, we also said a delay of more than 90 days in awarding the institution if error at all is properly deemed harmless with the defendant to the defendant lest he can show actual prejudice from the omission. This is a wonderful segue. Thank you so much, Your Honor, for bringing me right to this. And that is – thank you. And that is our second point here, Your Honor. And the court recently in the Avenali case – So you're going to tell me how he is prejudiced? 100 percent. Yep. Okay. And – Is it because he's unable to pay it? That's not prejudice. That's just his personal circumstance. Yeah. That is just a personal circumstance. And we understand that the statute does not contemplate that because it's irregardless of a defendant's ability to pay. In fact, what we are arguing here is a very simple sort of fundamental prejudice, Your Honor, which is the right to finality and repose. This court has recognized that in the Avenali – That's a backdoor to jurisdiction. And so, I mean, that redefines prejudice. Prejudice would more likely be that for some reason he's taken some kind of action. Is he still incarcerated? He's not, Your Honor. No. Okay. He's taken some kind of action in reliance on the fact that he doesn't have an obligation. And what's the total of this obligation? $587? This is $879, Your Honor, which – $879? Mm-hmm. And so he's taken some kind of action in reliance on the fact that he didn't know it. Yeah. I mean – What is his prejudice? The prejudice here, Your Honor, is that which this court recognized, you know, several years ago in the Avenali case, which is a defendant's settlement and, you know, repose in the finality, knowing that you don't have this criminal case hanging over your head, Your Honor, and that you don't – So in Avenali, I think – well, go ahead. Answer this. No. Go ahead. Yes. And that – and I – Do you think this is comparable to Mr. Avenali's situation? No, we don't. We actually think this case is very distinguishable. I mean, you're the one that brought up Avenali, I think. Yeah, yeah. So, Jessica, you invited – you were happy that I put you here, so – Yes, I was. I mean, I think that Avenali supports the position we're taking here, Your Honor, which is the expectation of finality, right, is a right that is – that is a prejudice, you know, that can support prejudice. And, in fact, Dolan, Your Honor, also discusses this expectation of finality. It just was not at issue in that case. So to that extent, we like Avenali, Your Honor, because this Court did recognize that as a form of prejudice. On the other hand, our case is very distinguishable. In this case, Your Honor, it was 24 months, basically. Two years, two years in which there wasn't a peep from anybody, in which, you know, my client just went about his daily life without a restitution order, you know, being at issue, number one. And in Avenali, it was only four months after that statutory deadline. So may I ask you a question about Avenali? And I'm sympathetic to this argument because, I mean, two years, 10 years, 20 years, and you can see the line here. But in Avenali, we also said that where a district court made clear at sentencing that the question of restitution was still pending, a defendant cannot claim any prejudice from disturbed expectations of repose. And I take it here, but maybe I'm wrong, that Judge Furman, in making a statement at sentencing, at least, made it clear that the question of restitution was still very much pending. That was never closed off. Maybe your client thought that after the 90-day period and after he'd served his term of supervised release, if I'm correct, that he was off the hook, but that was never technically not pending. We agree with Your Honor that Judge Furman made clear that at the time of sentencing and for 90 days, that restitution was still an issue. You know, the judge agreed to defer it and knew that he had the statutory authority to do this. But the key distinction in this case, and that distinguishes it from any of the other cases that I can find, is that Judge Furman specifically stated, quote, for up to 90 days. And that is the delimiter here. That is the delineation, that is the difference and the distinction between this and Avenatti, where in that case, the judge, you know, deferred until 90 days, but also stated an amended judgment will issue after that. So there's this contemplation that, like, the case would continue to go on. And I think the other distinction that we haven't really discussed yet, but I really think is very important and that I can't quite see in other cases, Your Honor, is that in Avenatti and in Dolan, in both of those cases, the defendants had knowledge of the amount at issue before the 90 days was up. So in Dolan, the PSR was amended, you know, within that 90-day period so that the defendant knew that there was $106,000 that were at issue and that he could dispute or that he could, you know, he could come up and, as the Supreme Court says, mitigate the harm. Is there anything other than the expectation of repose that you're relying on in connection with the prejudice argument? Well, that's what we are claiming here, is the expectation of repose and finality, Your Honor, but also the idea that two years. And so this goes to the point I was just trying to make, Your Honor, which is, you know, without any knowledge of this $879 debt for these two years or for these months, you know, these couple of months after sentencing and then these two years, unlike in Dolan and unlike in Avenatti where the parties contested that amount during that time, my client did not know for those two years of this 879 amount, so could not speak up. And as a practical matter, didn't this sort of activate an additional condition of supervised release? So he had the mandatory condition that said, in a case that's subject to restitution, you have a condition of supervised release that says you'll pay the restitution, but that was not a meaningful condition of supervised release until restitution was ordered. That's an excellent point, Your Honor. Yes. So as a practical matter, he's also got an additional risk of reincarceration. That's a very excellent point. Thank you so much for making that point, Your Honor. Thank you. And that is sort of a critical difference. These are the critical differences between this. I'm sorry. Is restitution – I mean, you could have both a condition of supervised release that requires restitution and then just a restitution order. Those are just two separate things, analytically and statutorily, correct? That's right. But the conditions of release are tied – the ones that are recommended by the guidelines and that are imposed are tied to the issuance of a restitution order. So if he has no restitution obligation, he – you know, these conditions of release don't sort of kick in, Your Honor. I mean, is there – is there a suggestion that he would have had his supervised release term revoked? I hope not, no. No, no, Your Honor. No, no. But I think that that is – that is an interesting point to make as well. And I just – I just want to sort of stress again, you know, we understand – we know there are not cases that sort of find independence favor for this, or at least on this particular issue as to the prejudice, and as to this odd, novel ascertainability issue. But this is a very unusual case. It's very fact-bound. There's no disputes or quibbles about amounts, you know, or facts here. You know, and this Court could hold very narrowly. We reserve some time for rebuttal. We'll hear from the government. Thank you very much, Your Honors. Thank you. Good morning. May it please the Court. Ashley Nicholas of the United States Attorney's Office for the Southern District of New York on behalf of the United States. If I may, I'd like to start with this ascertainability question. I think what's been put forth today is a fairly narrow, backwards-looking view of ascertainability in this case that ignores the trial record. At the time of sentencing, Judge Fuhrman had before him the record at trial in which the government put forth evidence of the loss of several dozen vehicles in excess of a million dollars, close to $2 million. So it was $2 million. So it was ascertainable at that point. This loss was ascertainable. As to this victim, yes. But I think the point that Your Honor made as to the piecemeal thought of restitution, there was a larger question of what the total victim's final losses were. In particular, as it related to insurance deductibles. There was a question to the government of what the final losses would be. On the record before the court, which included the PSR and the trial record, the government put forth the statement that the losses were not final, and the court was able to look to that record and agree with the government, actually read in with the question at Appendix 24, that the losses were not yet finalized. And there was no objection from the defense at that time. Is it the government's position that, so from that moment, you say, we have all of these victims, we need to ascertain their losses, that the government made those efforts for two years. And after two years, due to the government's efforts, the only victim whose losses that they had ascertained, which was one that was already ascertained, was $879. And so at that point they said, we've tried our best to identify all of the losses, and this is the only one we can pin down. That's not the way the record reads to me. Respectfully, Your Honor, there's nothing in the record as to the government's diligence. And also respectfully, there's nothing in the case law that suggests there's a duty on the government, any level of diligence, because these are victim losses. Right. But here's the question. I mean, do you disagree with your colleague, for the defendant, that the only source of the court's authority to issue the restitution is the statute? Yes. Okay. You disagree with that? No, I'm sorry. We agree with that. Sorry, that was a tricky one. We agree.  All right. So if the only basis, if the only authority is the statute, in order to use the statute, you have to comply with the statute. And Dolan and Avenatti, Dolan in particular, is different in this way. Dolan starts right out by saying, you know, that this loss, there was insufficient information, you know, about the restitution. And I believe it might be different if, in fact, the government or there had been an ascertainment, to coin a noun, of additional losses that had not been known at the time of the sentencing. But where the only authority is the statute, I'm having a hard time understanding how the court can impose the restitution without complying with the, if it's not, if it was ascertainable, you've got to do it within 90 days' rule. I think, to take a step back to Dolan, it calls it a time-guided directive. And I think part of the reason for that and kind of the thrust of Dolan and the thrust of the statutory scheme is it's the victim's loss. And so I think where there was bad faith or lack of diligence on the part of the victim, then Your Honor is right, that the passage of time may be part of the inquiry as to whether the court can impose a restitution order. But where it is the government's or the court's mistake, the time limit is there to serve the victim, not the defendant. But the statute doesn't tell us that. It doesn't say, right, it doesn't build that in. There's statutory language, and it says if the losses are not ascertainable, then the government or the probation officer can ask for an additional 90 days. But it starts right out with the losses being ascertainable. But I think, interestingly, in 3664d-5, it doesn't ask, and I think this came up when my colleague was arguing, by whom. And I think that the statute continues where it says if the victim subsequently discovers and then they can have another 60 days. That doesn't happen here, right? That does not happen here. Right. The point being, in that second clause, the onus is on the victim to bring forth. But the victim did bring forth their losses in this case. This single victim did. Right. Yes, Your Honor, I agree with that. And this is the only order that's been entered. I think that is right in this case, Your Honor. I think that the larger question here is if there were more victims, what we'd be advocating for is these piecemeal restitution orders that probably go further in disturbing the defendant's expectation of repose than a single order would. In this case, I think we have to look to what was before the court at the time the court extended for 90 days, which was both the trial record and the PSR. What happened to the other victims' losses? It's simply not in the record, Your Honor. So $2 million worth of loss that was testified, that was the subject of testimony, and it's just not in the record with respect to restitution? I acknowledge that as an unsatisfactory answer, Your Honor, but it's simply not in the record. Okay. If there's no further questions, Your Honor. The cars were probably covered by insurance, and so the carriers in some way must have sought recovery. But there's nothing in the record that reflects any relationship with regard to the carriers? There's not. No, Your Honor, there's not. And as I understand your argument, you're relying on the language in Dolan that certainly suggests, if it doesn't assert, that if you miss, if the court misses the 90-day deadline, it still retains power to order restitution, at least where it made clear prior to the expiration that it would order restitution. And Ms. Hutchinson points out that Judge Furman talked about the 90-day period, and is there anything in the record that suggests that he made clear prior to the deadline's expiration that it would order restitution? I think exactly. The same appendix site on 24 is the only place where the — excuse me, 42 — is the only place where Judge Furman makes any comment as to the 90-day deadline. There was no further discussion. And I think also comes up in Dolan, and I think this is the sixth factor of Dolan, where that — during that period, the defendant may also, since they're on notice, bring forward that question. So your answer to my question is no? Correct. He didn't say anything. Okay. Correct. I mean, if I may briefly touch on —  So let's just — you can do whatever you want. But on Dolan, Dolan doesn't help you then, if I take that language seriously. So where does the authority come from in the case where a district court judge does not make clear within the 90-day period? I think what Dolan says is at least in the case where it's made clear. I don't think it's restrictive. I think what the court says in Dolan is at least in these cases where it's made clear or at least put forth in the record it's sentencing, then there's no expectation. Here, I think we had an up to 90 days, but it's settled that the court had jurisdiction well past that. And I think in Gerschlak, it was actually 18 months, which is much closer to this case. But jurisdiction could be different than statutory authority. It often is, right? So Dolan could tell us that the court has jurisdiction, but because, as we've held a number of times, this is purely a creature of statute, the statute might still not authorize it. That can happen, right? Sure. I think here, though, that's where we can go back and look at whether or not Judge Berman was acting within his discretion to enter this order nearly two years after the sentencing. And here, that's where we go to, I think, Gerschlak, which is the 18-month case, which is closer to the facts in this case. I mean, it's – I think that the record indicates that Judge Berman certainly contemplated restitution, and the only reason for the delay was because the government asserted that it didn't have the requisite information, right? Yes. The delay in this case we concede is entirely the fault of the government. Okay. And I think that's where the statute is here to serve the victim. And so where the fault is on the government, the court retains that jurisdiction, and unless it's an abuse of discretion, the order should stand. And I think that's where we go to this prejudice question. Yeah. And certainly the passage of time can't in and of itself support that there's an idea that there's prejudice. I think where the prejudice would come is if during that passage of time there was something that inhibited the ability of the defendant to contest the underlying restitution order. As my colleague points out, there's actually – there's no disagreement here as to the amount of restitution. So I think it would be nearly impossible to articulate some kind of prejudice. There's no destruction of evidence. There's no unavailability of witnesses that would allow the defendant to contest the amount of restitution. So may I go back to the language of Abernathy and the expectation of repose on which Hutchinson is relying? Where a district court may clear its sentencing that the question of restitution was still very much pending, a defendant cannot claim any prejudice from disturbed expectations of repose, which suggests that a defendant might be able to make that claim, where the district court has not made it clear that the question of restitution was still very much pending. And as I think was articulated, Judge Furman says 90 days. So help me out. How do I understand Abernathy to permit the – well, to disallow reliance on expectation of repose in this case? I think the expectation of repose, Your Honor, would also, as Dolan points out in that as the 90 days approaches, the defendant also has an ability to raise the fact that the order has not been input. That didn't happen in this case. The 90-day deadline came and went without any – from anyone, as I think my colleague said. I think here the Court was clear in that it was up to the 90 days, but what the Court was also clear on was the number of victims and the complexity of the loss and the PSR. So I think the defendant had a full expectation that restitution would be eventually imposed. And just on the jurisdictional point, I take it part of the argument is that if you read the dissent in Dolan, which makes the argument that there's no jurisdiction and no authority, that was rejected as the government's argument by the majority. Yes. Because that was specifically raised by the dissent. Yes. Okay. All right. Justice Leslie? No. Bye. Thank you. Thank you very much. Oh, I'm sorry. I'm sorry. I do have one question. Because it is – it bothers – this bothers me. This bothers me. And I appreciate that you've acknowledged the evidence, acknowledged that an error was made. And here we are. Here we are. So your error is requiring us to do some work. Is there any limit? In other words, both on the sort of victims' losses axis, to say that the amount was a contested amount of $10,000, but also on the timeline 30 years later. Sure. And you heard Schmerin talk about the supervised release aspect of this. Is there any limit? What is the limit? Certainly there may be some 30-year limit, some long passage of time. And where do I find – how do I demarcate that limit? I think the limit really comes from the victim's actions. And I think, you know, perhaps, which is not this case, there is a case where the passage of time could be the basis to say this order is not valid. But I think really where we need to go back to is the language of the NVRA. If the victim is not acting in good faith, if the victim can't make a good cause showing of diligence, that's the limiting principle here. Did the victim do something to hide their losses, to evade the diligence requirement, to not bring forward? In a lot of ways, you're putting a lot of weight. The government is putting a lot of weight on that second part of the statute, which is not technically at issue. But you're asking us to read into that a congressional policy directive that the victim, really look at the victim, don't look so much at what the government has done or not done or what the court has done or not done. I don't think it's just the second clause of that subsection. I think it's the NVRA as a whole, which serves to, and I think the case law repeats this over and over again, help the victims primarily. That's why the case law puts forth that the 90 days exist at all, is to push the parties to restore the victims financially in a reasonable amount of time. So I think the limiting principle here is really whether or not those losses were brought forward by the victim or if the victim was acting in bad faith. Where the victim did their part and the mistake was on behalf of the government in this case or the court in another hypothetical case, I think it's a different question. Thank you. Thank you very much. We'll hear rebuttal. Judge, I'll be very brief. We've taken up a lot of the court's time. But Judge Laurier, just to answer your question, I think there is a limiting principle. It's very easy and it's written right in the statute, which authorizes this. And it is whether or not the loss was ascertainable. I mean, I think that's a very easy principle. Maybe the loss was not ascertainable and it can go on for 20 years. You know, you can come back in 20 years. Is it each loss or all the losses? In other words, again, if you've got multiple victims in many of these fraud cases, for example, or stolen car cases, there are multiple victims. And you have the government has 95 of the 100 victims. Their losses are ascertainable. But the remaining 5 or 50% of the victims, whatever it is, isn't the government entitled to wait to see if it can get all of the losses to have one restitution order? Or is it a piecemeal effort, which doesn't make sense to me? Yeah. I mean, possibly the government could in that instance, Your Honor. Like say it is not ascertainable in its totality, Your Honor. We'd ask to defer it for 90 days. And they would make a record of it. Unfortunately, you know, there was not a record here made. Right. And my colleague agrees with that. And that's just the record we have before us. And that is why this is an unusual case. Right. And so I just wanted to make that point as well, is that the government agrees that there's nothing on this record about the government's diligence or about other losses that were not ascertainable. And we think that that ends the matter here, given that this is a creature of statute. Well, the government says it's not about the government's diligence per se. It's the victim's diligence. And fine. But, you know, I would bring the Court back to the point that this the government has to prove entitlement to this by a preponderance of the evidence. Like, it is their burden. And I think the other thing I want to say is we're not unsympathetic to this. Excuse me. Excuse me. From the victim's perspective, what more was the victim supposed to do? Well, that's unfortunate. It's a very simple thing. There was a car seat and something else, right? Yeah, a car seat and the insurance deductible. Yes. Yes. So these are two numbers that are easily known and were known actually before the plea, correct? This was a trial and it was known before sentencing. Absolutely, Your Honor. It needs to be part of the record. The rule from this is if the prosecutor fails, the victim ends up being shorted, because even though it's a correct amount, it's not difficult to determine that the penalty for the delay falls to the victim, even though the victim did nothing. Judge, we're not unsympathetic to the victim in this instance, Your Honor. I didn't think you were. I'm just thinking about the rule. Yeah. Well, I mean, number one, the statute does itself contemplate there being an end to a victim. As far as the decision of Dolan, he says that the deadline is seek speed by creating a time-related directive that is legally enforceable but does not deprive a judge or other public official of the power to take the action to which the deadline applies if the deadline is missed. The deadline was missed here, correct? That's right, Your Honor. But Dolan— Did the judge have the power to deal with this situation given that the deadline was missed? You say no. We say no in this instance, in this particular case, Your Honor. The judge could in another case— Justice Breyer was wrong. Pardon me, Your Honor? Justice Breyer was wrong? In the—  Oh, in Dolan. I'm sorry, Your Honor. No, I mean, Your Honor, Dolan also contemplates looking at fault. I mean, I'm quoting directly from it, the inquiry, the prejudice— But like I said, the prosecutor's fault is then attributable to the victim. It is unfortunate in this situation, and I think that my colleague is fairly contrite about it, and we're very—you know, is being very gracious about it. Yes, Your Honor. And, you know, it is an unfortunate situation in this case, but Dolan also contemplates that, that the prejudice inquiry, it states, may consider—the Court may also consider the reasons for the delay and the party responsible for its cause, i.e., whether the government or the victim. So the— So the law—is this a law call or a discretion call, a judgment call? For this Court? Yeah. For this Court, this is a legal error that the Court reviews de novo, Your Honor. All right. And, yes, so I think—I just want to—the last point I want to make very quickly is that the expectation of repose is something this Court has recognized, and it is not—you know, it is something weighty, particularly for people who just come out of prison where every dollar is planned, et cetera. So thank you, Your Honor. Thank you very much. Very helpful argument. We'll reserve the decision, obviously.